IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN S. BUSH, | : | NO. 2:07-cv-0266 |
| Petitioner | : | |
| | : | |
| VS. | : | |
| | : | |
| FRANKLIN J. TENNIS, | : | |
| SUPERINTENDENT, | : | |
| AND | : | |
| THE DISTRICT ATTORNEY OF | : | |
| THE COUNTY OF PHILADELPHIA, | : | |
| AND | : | |
| THE ATTORNEY GENERAL OF | : | |
| THE STATE OF PENNSYLVANIA, | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

**JACOB P. HART**
**UNITED STATES MAGISTRATE JUDGE**                                        **May 16, 2007**

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by an individual currently incarcerated at State Correctional Institution Rockview at Bellefonte, Pennsylvania. For the reasons that follow, I recommend that the petition be denied.

## FACTS AND PROCEDURAL HISTORY:

Petitioner, John S. Bush's convictions stem from two separate criminal incidents. First, on December 11, 2001, he allegedly attacked and robbed the man with whom he was staying after he had just been released from prison. Two days later, on December 13, he allegedly burglarized an office building in Philadelphia, set a small fire with papers and books in the building and threw various objects, including a can of soda and a metal name plate, at the police officers who responded

to the scene.  In connection with the incident on December 11, 2001 (criminal action number 0205-0493 1/1), Bush was charged with robbery, aggravated assault, simple assault, reckless endangerment, possession of an instrument of crime, and receiving stolen property.  As a result of the second incident (criminal action number 0202-0140), he was charged with arson, risking a catastrophe, burglary, trespass, theft, criminal mischief, reckless endangerment, and possession of an instrument of crime.

On November 6, 2002, Bush appeared before the Honorable Peter Rogers of the Philadelphia Court of Common Pleas and entered into a negotiated <u>nolo</u> <u>contendere</u> plea to charges of arson, burglary, aggravated assault, robbery, and possession of an instrument of crime stemming from the two incidents and the Commonwealth dismissed the remaining charges.  In accordance with the agreement, on the convictions stemming from criminal action number 0205-0493 1/1, he was sentenced to terms of eleven and one-half to twenty-three years' imprisonment on both the robbery and aggravated assault to run concurrently and two and one-half to five years for possession of an instrument of crime.  In connection with the burglary, arson, and assault on the police (criminal action number 0202-0140), he was sentenced to eleven and one-half to twenty-three years for both the arson and burglary and five to ten years for aggravated assault.  The sentences were to run concurrent with each other and with the sentences imposed for the prior incident.  Bush did not file a direct appeal.

On February 21, 2003, Bush filed a  petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541, <u>et</u> <u>seq.</u>.  Appointed counsel filed an amended petition, asserting claims of ineffective assistance of counsel for failing to file a direct appeal.  Following an evidentiary hearing, at which trial counsel testified, Judge Rogers denied the petition on November 4, 2004.

Bush filed an appeal of the PCRA Court's order with the Pennsylvania Superior Court. The Superior Court affirmed the denial of the PCRA petition on February 3, 2006, issuing a memorandum opinion on that same date. Commonwealth v. Bush, 897 A.2d 514 (Pa. Super. 2006) (Table). The Pennsylvania Supreme Court denied allocatur on September 26, 2006. Commonwealth v. Bush, 907 A.2d 1100 (Pa. 2006) (Table).

On January 16, 2007[1], Bush filed the instant petition for writ of habeas corpus alleging: (1) trial counsel was ineffective for failing to file a motion for reconsideration or direct appeal; (2) the evidence was insufficient to support his convictions; (3) the trial court erred in accepting his plea; and (4) trial counsel was ineffective for failing to pursue a defense of involuntary intoxication rather than negotiating a plea.[2]

**STANDARD OF REVIEW**:

Under the current version of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

---

[1] An inmate is entitled to the "mailbox rule," which states that a petition is deemed filed when it is delivered to the prison mail room. Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379 (1988); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Although, this petition was not filed until January 22, 2007, we will give petitioner the benefit of doubt and use the date on the signature line of the petition.

[2] Bush set forth his fourth claim as follows: "Did the court's err when the court filed to charge the appellant on the relationship of voluntary intoxication." As Respondent notes, Bush's argument, however, pertains to his counsel's failure to pursue the voluntary intoxication defense.

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  In Williams v. Taylor, 529 U.S. 362, 404-405, 120 S. Ct. 1495 (2000), the United States Supreme Court interpreted this statute and more clearly defined the two-part standard of review.  Under the first prong of the review, a state court decision is "contrary to" the "clearly established federal law, determined by the Supreme Court of the United States," (1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or (2) "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to that reached by [the Supreme Court]." Id. at 405.  Pursuant to the second prong, a state court decision can involve an "unreasonable application" of Supreme Court precedent: (1) "if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or (2) "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407-408.

**DISCUSSION:**

INEFFECTIVE ASSISTANCE OF COUNSEL

Bush's first two claims are grounded in the Sixth Amendment guarantee of effective assistance of counsel.  U.S. Const., amend. VI.  In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), reh'g denied, 467 U.S. 1267, 104 S. Ct. 3562 (1984), the Supreme Court set forth

a two-prong test — both parts of which must be satisfied — by which claims alleging counsel's ineffectiveness are reviewed.  Id. at 687.

First, the petitioner must demonstrate that his trial counsel's performance fell below an "objective standard of reasonableness." Id. at 688.  The court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690.  Because of the difficulties in making a fair assessment, eliminating the "distorting effect" of hindsight, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101, 76 S. Ct. 158, 163-164 (1955)).  It is well established that counsel cannot be ineffective for failing to raise a meritless claim.  Strickland, 466 U.S. at 691; Holland v. Horn, 150 F. Supp. 2d 706, 730 (E.D. Pa. 2001).

Pursuant to the second prong, the defendant must establish that the deficient performance prejudiced the defense.  It requires a demonstration that counsel's errors were so serious as to deprive the defendant of a fair trial or a trial whose result is reliable.  Strickland, 466 U.S. at 687.  More specifically, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Failure to File a Direct Appeal:

Bush alleges that his trial counsel was ineffective for failing to file a direct appeal on his behalf.  After conducting a hearing on this issue, at which Bush and his trial counsel testified, the

state court denied the claim.  While Petitioner maintained that he had requested counsel to file an appeal, his counsel testified that he had not.  She explained that her practice is to automatically make a notation in her file when a client requests an appeal and that Bush's file did not have such a notation.  Hearing Transcript at p. 41.  Bush's counsel also explained that Bush agreed to enter the nolo contendere plea in exchange for concurrent sentences of eleven and one-half to twenty years and that if convicted, as both cases implicated the "three strikes" law, he was facing twenty-five years to life for each, which could have run consecutively.  Hearing Transcript at p. 37.

On appeal, the Superior Court found that "[t]he PCRA court recognized that this matter involved resolution of the credibility conflict between Appellant and Ms. Clayton [his counsel]" and "[a]fter careful discussion, the PCRA court elected to credit Ms. Clayton."  Superior Court Opinion at p. 4.  Finding the necessary factual support for the PCRA court's conclusion that petitioner did not ask counsel to file an appeal, the Superior Court, bound by that determination, affirmed the denial of Bush's claim.

Upon review, we find the state court's determination as to this claim was a reasonable application of the Strickland standard.  The Supreme Court specifically held in Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029 (2000), that the Strickland standard is appropriate in cases involving counsel's failure to file a direct appeal.  Roe v. Flores-Ortega, 528 U.S. at 480.  The Court held that counsel is not per se ineffective for failing to file an appeal where the defendant has not clearly expressed whether or not he wishes to file an appeal and went even further in holding that counsel is not per se ineffective for failing to consult with her client regarding appeal.  Id.  Here, as counsel testified, she had no reason to believe Bush would want to appeal since he received his negotiated sentence, which was far less than he was facing under Pennsylvania's "three strikes" law.  After

hearing conflicting testimony, the state court made a credibility determination, which in the absence of a showing of clear and convincing evidence to the contrary, is now binding on habeas review.  28 U.S.C. 2254(e)(1); Marshall v. Lonberger, 459 U.S. 422, 434-435, 103 S. Ct. 843, 851 (1983).  In light of this factual determination that Bush did not request counsel to file an appeal on his behalf and the fact that he received his negotiated sentence, we must agree that counsel's conduct in failing to file an appeal, did not fall below an objective standard of reasonableness, as required by the first prong of Strickland.  Petitioner is therefore not entitled to habeas relief.

> Failure to File a Motion for Reconsideration:

Bush also alleges that his counsel was ineffective for failing to file a motion for reconsideration of his sentence[3].  The Superior Court addressed petitioner's claim that he should be permitted to file a motion for reconsideration of sentence nunc pro tunc and found that since his request could not result in any form of grant of relief, it was denied.  The Court noted that according to its prior holdings, "a defendant who enters a negotiated plea and receives the negotiated sentence may not thereafter raise a challenge to the discretionary aspects of his sentence."  Superior Court Opinion at p. 4 (citing "Commonwealth v. Reichle, 589 A.2d 1140, 1141 (Pa. Super. 1991) ('where the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of the sentence.'; see also Commonwealth v. Stewart, 867 A.2d 589 (Pa. Super. 2005 (defendant may challenge discretionary aspects of sentence entered pursuant to a plea as long as plea did not involve agreement

---

[3]As Respondent notes, both the PCRA court and the Superior Court focused primarily on counsel's failure to file an appeal.  However, Bush testified at the hearing before the PCRA court that he had requested to "get back in court, get some reconsideration, get some of this time knocked off."  (hearing transcript at p. 9).  Furthermore, the Superior Court addressed Bush's request to file a motion for reconsideration of sentence when addressing his ineffectiveness claim.  We therefore will consider the claim exhausted and will address it on its merits.

about sentence); <u>Commonwealth v. Dalberto</u>, 648 A.2d 16 (Pa. Super. 1994) (same)."

In this case, petitioner entered his plea in exchange for the negotiated sentence he received. As his counsel testified, he avoided being sentenced under the "three strikes law" and was able to avoid the possibility of those sentences running consecutively.  Applying the <u>Strickland</u> standard, even if Bush had requested counsel to file such a motion (contrary to the state court's specific findings that he did not), we must agree that counsel cannot be ineffective for failing to file a meritless motion. <u>Werts v. Vaughn</u>, 228 F.3d 178, 203 (3d Cir. 2000).  Accordingly, we cannot find that the state court's decision was either contrary to or an unreasonable application of clearly established federal law and habeas relief is once again denied.

PROCEDURAL DEFAULT

Respondent argues that Bush's final three claims, (1) whether the evidence was insufficient to support his convictions; (2) whether the trial court erred in accepting his plea; and (3) whether trial counsel was ineffective for failing to pursue a defense of involuntary intoxication rather than negotiating a plea, all suffer from procedural default because they were never presented to the state courts.  Upon review of the petition, we must agree.

In the context of habeas corpus, the procedural default barrier precludes federal courts from reviewing a state petitioner's habeas claims if the state court decision is based on a violation of state procedural law that is independent of the federal question and adequate to support the judgment. <u>Coleman v. Thompson</u>, 501 U.S. 722, 729, 111 S. Ct. 2546, 2553 (1991).  "In the context of direct review of a state court judgment, the independent and adequate state ground doctrine is jurisdictional. . . [b]ecause this Court has no power to review a state law determination that is

sufficient to support the judgment." <u>Id</u>.  Although the issue of procedural default is best addressed by the state courts in the first instance, a federal court may dismiss a petition as procedurally barred if state law would unambiguously deem it defaulted.  <u>Carter v. Vaughn</u>, 62 F.3d 591, 595 (3d Cir. 1995).

One form of procedural default may occur "[i]f [a] petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . ." <u>Coleman</u>, 501 U.S. at 735 n.1; <u>McCandless v. Vaughn</u>, 172 F.3d 255, 260 (3d Cir. 1999).  Before the federal court may grant a state court petitioner habeas relief, the petitioner must exhaust his state court remedies. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); <u>Lambert v. Blackwell</u>, 387 F.3d 210, 231 (3d Cir. 2004).  A federal habeas petitioner must invoke "one complete round of the State's established review process." <u>O'Sullivan</u>, 526 U.S. at 845.  The petitioner retains the burden of demonstrating that his claims have been "fairly presented" to the state courts, which is satisfied when a petitioner presents a claim's "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." <u>McCandless v. Vaughn</u>, 172 F.3d at 261. However, "[i]f [a] petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is procedural default for the purpose of federal habeas . . ." <u>Coleman v. Thompson</u>, 501 U.S. at 735 n. 1; <u>McCandless v. Vaughn</u>, 172 F.3d at 260.  Similarly, if the petitioner presented a claim, but the state court refused to address the merits of the claim for some procedural reason, the claim is procedurally defaulted.  <u>Sistrunk v. Vaughn</u>, 96 F.3d 666, 673 (3d Cir. 1996) (citing <u>Coleman v. Thompson</u>, 501 U.S. at 750).

9

Bush failed to present any of his final three claims to the state courts. In his PCRA petition, he raised only the claim of ineffective assistance of counsel for failing to file a direct appeal or a motion for reconsideration. Furthermore, pursuant to well-established state law, Bush now has no recourse for exhausting these claims. The PCRA statute states that, "[a]ny petition under this subchapter . . . shall be filed within one year of the date the judgment becomes final . . ." 42 Pa.C.S.A. § 9545(b) (1998). As petitioner's judgment became final in December of 2002,[4] he had until December of 2003, to seek collateral relief under this statute. The Pennsylvania Supreme Court has conclusively established that the one-year statute of limitations acts as a jurisdictional bar and is not subject to equitable tolling. Commonwealth v. Fahy, 737 A.2d 214, 222 (Pa. 1999). Accordingly, any current attempt by Bush to file a second PCRA petition raising these claims would unequivocally be deemed untimely. Because petitioner cannot now return to the Pennsylvania courts, these unexhausted claims become procedurally defaulted for purposes of habeas review. See Coleman v. Thompson, 501 U.S. at 735 n. 1.

To survive procedural default in the federal courts, the petitioner must either "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750. To establish the fundamental miscarriage of justice exception, petitioner must demonstrate his "actual innocence." Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 865 (1995); Calderon v. Thompson, 523 U.S. at 559. On the other hand, a showing of cause demands that a petitioner establish that "some objective factor external to the defense impeded counsel's efforts to

---

[4]  See 42 Pa.C.S.A. § 9545(b)(3) (judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.).

comply with the State's procedural rule." <u>Coleman</u>, 501 U.S. at 753. Once cause is proven, petitioner must also show that prejudice resulted from trial errors that "worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>Murray v. Carrier</u>, 477 U.S. 478, 494, 106 S. Ct. 2639, 2648-49 (1986).

In the case at bar, Bush has not satisfied either exception. He has not even alleged, let alone proven, actual innocence or cause and prejudice. Petitioner has not set forth any explanation for his failure to include these three claims in his PCRA petition. He has only argued his claim that counsel was ineffective for failure to file an appeal or motion for reconsideration. However, even assuming that Bush is alleging that his claim of ineffective assistance of counsel is sufficient to excuse his default of the final three claims, we must disagree. As set forth above, Bush has not demonstrated that his trial/appellate counsel was ineffective. Accordingly, he has failed to set forth any valid cause and prejudice exception for these claims, which we have found are procedurally defaulted. <u>See</u> <u>Jackson v. Diguglielmo</u>, 2004 WL 2064895, 12 (E.D. Pa. 2004).

Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this 16th day of May, 2007, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DENIED. There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

/s/Jacob P. Hart

_____

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

11

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN S. BUSH,                                    :              NO. 2:07-cv-0266

                Petitioner           :

                                    :

    VS.                                          :

                                      :

FRANKLIN J. TENNIS,                              :

SUPERINTENDENT,                                  :

               AND                      :

THE DISTRICT ATTORNEY OF                         :

THE COUNTY OF PHILADELPHIA,                      :

               AND                      :

THE ATTORNEY GENERAL OF                          :

THE STATE OF PENNSYLVANIA,                       :

             Respondents           :

## O R D E R

THOMAS M. GOLDEN, J.

      AND NOW, this                  day of                        , 2007, upon careful and

independent consideration of the petition for writ of habeas corpus, and after review of the Report

and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

    1.  The Report and Recommendation is APPROVED and ADOPTED.

    2.  The petition for a writ of habeas corpus is DENIED.

    3.  There is <u>no</u> basis for the issuance of a certificate of appealability.

                         BY THE COURT:

                         _____

                         THOMAS M. GOLDEN, J.